UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MAJUANGY EVANS (#435417)

VERSUS                                          CIVIL ACTION

KEITH TURNER, ET AL                             NUMBER 12-399-BAJ-SCR

**NOTICE**

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
 In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Baton Rouge, Louisiana, April 29, 2013.

           *Stephen C. Riedlinger*
           STEPHEN C. RIEDLINGER
           UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MAJUANGY EVANS (#435417)

VERSUS                                              CIVIL ACTION

KEITH TURNER, ET AL                                 NUMBER 12-399-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Defendants' Rule 12(B)(6) Motion to Dismiss.  Record document number 11.  The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Col. Keith Turner, Warden Steve Rader and Louisiana Department of Public Safety and Corrections Secretary James LeBlanc.  Plaintiff alleged that Lt. Col. Turner confiscated his legal materials and retaliated against him for failing to dismiss an administrative grievance, both in violation of his constitutional rights.  Plaintiff sought compensatory and punitive damages and injunctive relief.

For the reasons which follow, the defendants' motion should be granted.

### I. Factual Allegations

Plaintiff alleged that on November 16, 2011, inmate Matthew

---

[1] Record document number 13.

Lierman[2] came to the plaintiff's housing unit to deliver an envelope containing copies of the plaintiff's legal materials to him.[3] Plaintiff alleged that before inmate Lierman was allowed to give the plaintiff the envelope, Lt. James Norsworthy inspected the envelope for contraband.[4] Plaintiff alleged that after inspecting the materials, Lt. Norsworthy contacted Lt. Col. Turner to examine the documents.[5] Plaintiff alleged that Lt. Col. Turner examined the documents and determined that the documents should be confiscated.[6]

---

[2] Plaintiff referred to inmate Lierman as inmate counsel. It is unclear from the record whether inmate Lierman was an approved inmate counsel substitute authorized and supervised by the Legal Programs Department at the prison, or an inmate who was simply providing the plaintiff with assistance. Plaintiff indicated that inmate Lierman was locked up and fired as a result of the incident. Record document number 13, p. 3. Inmate Lierman's status is not material to the resolution of the defendants' motion.

[3] Record document number 13, p. 1. Plaintiff alleged additional facts in his opposition to the defendants' motion to dismiss. The allegations in the Plaintiff's Motion in Opposition and Objection to Defendants' Motion to Dismiss Rule 12(b)(6), shall be treated as an amendment to the complaint. *Johnson v. Epps*, 479 Fed. Appx. 583, 588 (5th Cir. 2012); *Barksdale v. King*, 699 F.2d 744, 747 (5th Cir. 1983).

[4] *Id*.

[5] *Id*.

[6] *Id*. Plaintiff relied on the results of Administrative Remedy Procedure ("ARP") DCI-2012-60, in support of his opposition/amended complaint. A true copy of ARP DCI-2012-60 was previously filed in the record. Record document number 5. A review of the results of the ARP DCI-2012-60 showed that the documents discovered in the envelope which the plaintiff was not allowed to have in his possession included copies of Confidential
(continued...)

Plaintiff alleged that Lt. Col. Turner called him into his office and asked the plaintiff to identify the person who provided him with copies of some of the documents.[7] Plaintiff alleged that when he refused to cooperate, Lt. Col. Turner offered him a deal to reveal the identity of the person who copied the exhibits.[8] Plaintiff alleged that when he refused, he was told to return to his cell.[9]

Plaintiff alleged that on December 19, 2011, he filed an administrative grievance seeking the return of the confiscated documents.[10] Plaintiff alleged that on January 6, 2012, he resubmitted the administrative grievance which was accepted on January 23, 2012.[11]

Plaintiff alleged that on January 26, 2012, Lt. Col. Turner

---

[6](...continued)
Informant Sheets, Post Orders 15 Dormitory Officers, Disciplinary Court Results, Copies of the Dormitory Officers Logbook and the written statement of Lt. Leroy Ramsey. Record document number 5-1, p. 4. It was determined that these documents would remain in the Investigations Department. *Id*.
    This description of the confiscated documents is included to provide a fuller context for the plaintiff's claims, but the kinds of documents confiscated was not considered in determining whether the defendants' motion has merit.

[7] *Id*.

[8] *Id*.

[9] *Id*.

[10] *Id*.

[11] *Id*.

3

attempted to return some of the documents on the condition that the plaintiff dismiss the pending administrative grievance.[12] Plaintiff alleged that when he refused to dismiss the administrative grievance, Lt. Col. Turner refused to return any of the documents which had been confiscated.[13] Plaintiff alleged that Lt. Col. Turner retaliated against him by refusing to return the documents unless he dismissed the administrative grievance.[14]

Plaintiff alleged that the confiscated materials included copies of an application for judicial review he had recently filed.[15] Plaintiff alleged that the application for judicial review included exhibits which were part of the administrative record of the disciplinary board hearing. Plaintiff argued that Lt. Col. Turner was fully aware that he had filed a petition seeking judicial review of the denial of his disciplinary board appeal decision when Lt. Col. Turner confiscated the materials.[16]

Plaintiff alleged that Warden Rader and Secretary LeBlanc failed to adequately investigate the matter to ensure that the confiscated documents were returned.

---

[12] *Id.* at 2.

[13] *Id.*

[14] *Id.* at 3.

[15] *Id.* at 2, 3.

[16] *Id.* at 2.

## II. Applicable Law and Analysis

Defendants moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

### A. Motion to Dismiss Standard

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and

5

a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

**B. 42 U.S.C. § 1997e(e)**

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Although § 1997e(e) prohibits the recovery of compensatory damages without a prior showing of physical injury, it does not bar a plaintiff's ability to recover nominal and punitive damages for constitutional violations despite the lack of any physical injury. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of the defendants' alleged actions. The failure to allege physical injury precludes recovery of compensatory damages for mental or emotional injuries.

Although § 1997e(e) prohibits the plaintiff from recovering compensatory damages, it does not bar him from recovering nominal and punitive damages despite the lack of any physical injury. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007). Of course, the plaintiff must prove a deprivation of a constitutional right to obtain relief in either form of damages.

### C. Respondeat Superior

Plaintiff alleged that Warden Rader and Secretary LeBlanc failed to adequately investigate the matter to ensure that the confiscated documents were returned.

Plaintiff does not have a constitutional right to have prison officials conduct an adequate investigation into his complaints.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Rader and Secretary LeBlanc are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

### D. Access to Courts

Plaintiff alleged that Lt. Col. Turner interfered with his access to the courts.

A substantive right of access to the courts has long been recognized. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494 (1977). Access to the courts is protected by the First Amendment right to petition for redress of grievances. *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979). That right has also been found in the Fourteenth Amendment guarantees of procedural and substantive due process. *Ryland v. Shapiro*, 708 F.2d 967, 971-75, (5th Cir. 1983).

In its most obvious and formal manifestation, the right protects one's physical access to the courts. Thus, for example, prison officials cannot refuse to transmit, or otherwise block, through procedural devices, the transmission of legal documents which prisoners wish to send to the courts. Nor can they take other actions--such as taking or destroying legal papers--that have a similar effect. *Crowder v. Sinyard*, 884 F.2d 804 (5th Cir. 1989), *cert. denied*, 496 U.S. 924, 110 S.Ct. 2617 (1990). Some showing of detriment caused by the challenged conduct must be made in order to succeed on a claim alleging a deprivation of the right to meaningful access to the courts. *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987).

Plaintiff conceded in his supplemental complaint that his petition for judicial review was filed in the state district court *before* the plaintiff's documents were confiscated from inmate

Lierman.[17]  The petition for judicial review included as exhibits copies of the documents confiscated by Lt. Col. Turner.[18]

Plaintiff did not allege, nor is there any evidence on the face of the record, that Lt. Col. Turner interfered with the plaintiff's access to the courts or that the plaintiff suffered a detriment as a result of Lt. Col. Turner's alleged actions.

**E. Retaliation**

Prison officials may not retaliate against a prisoner for exercising his First Amendment right of access to the courts, or for complaining through proper channels about a guard's misconduct. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006); *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995).  However, claims of retaliation from prison inmates are regarded with skepticism, lest federal courts embroil themselves in every adverse act that occurs in penal institutions.  *Woods*, 60 F.3d at 1166.  To prevail on a claim of retaliation, a prisoner must establish four elements: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right; (3) a retaliatory adverse act; and, (4) causation.  *Morris*, 449 F.3d at 684; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

If an inmate is unable to point to a specific constitutional

---

[17] Record document number 13, pp. 2, 3.

[18] *Id.*

9

right that has been violated, then the claim will fail as a matter of law. *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996) (dismissing an inmate's claim for failure to demonstrate the violation of a constitutional right); *Woods*, 60 F.3d at 1166 (observing that, "[t]o state a claim, the inmate must allege the violation of a specific constitutional right"). Further, the inmate must allege more than his personal belief that he is the victim of retaliation. *Jones*, 188 F.3d at 325; *Johnson v. Rodriguez*, 110 F.3d 299,310 (5th Cir. 1997). To demonstrate the requisite retaliatory intent on the defendant's part, the inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166. Regarding the element of causation, a successful claim of retaliation requires a showing that "but for" some retaliatory motive, the complained of adverse action would not have occurred. *Johnson*, 110 F.3d at 310; *Woods*, 60 F.3d at 1166. In addition, the complained-of adverse action must be more than *de minimis* to support a claim of retaliation in the prison context. *Morris*, 449 F.3d at 684-85; *Hart*, 343 F.3d at 764.

The purpose of allowing inmates retaliation claims under 42 U.S.C. § 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights. *Morris*, 449 F.3d at 686 (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 n. 10, 118 S.Ct. 1584 (1998)). Retaliation against a prisoner is

actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris*, 449 F.3d at 686. *De minimis acts* that would not deter an ordinary person from further exercise of his rights do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id*. Thus, an inmate's job transfer from the commissary to the kitchen was *de minimis*, while his transfer to a more dangerous prison was not. *Id*. at 687; *see also Bibbs v. Early*, 541 F.3d 267, 271-72 (5th Cir. 2008) (subjecting inmate to below-freezing temperatures for more than four hours during each of four consecutive nights was more than *de minimis*). Adverse acts that cause an inmate only a "few days of discomfort," impose "a [single] minor sanction," or impose an otherwise constitutional restriction on the inmate would be *de minimis* acts. *Id*. at 685-86. Filing a disciplinary charge that is dismissed constitutes an adverse act that is "less substantial than the least substantial *de minimis* act identified by the *Morris* court. *Starr v. Dube*, 334 Fed. Appx. 341 (1st Cir. 2009); *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009)(a "single [allegedly unjustified] retaliatory charge that is later dismissed is insufficient to serve as the basis of a § 1983 action").

    Plaintiff alleged that he filed an ARP seeking return of the documents confiscated from inmate Lierman. Plaintiff alleged that Lt. Col. Turner attempted to resolve the ARP by providing the

plaintiff some, but not all, of the confiscated documents. Plaintiff argued that when he refused to dismiss the ARP, Lt. Col. Turner refused to give him any of the documents pending resolution of the ARP.

Plaintiff argued that the refusal to return the documents *before* resolution of the ARP constituted retaliation for exercising his right to access the courts/complaining about the confiscation of his documents through proper channels. The gist of the plaintiff's argument is that the failure to provide him the very relief he sought in his ARP, i.e., return of all of the confiscated documents, constitutes retaliation even thought the ARP was still pending at that time. Plaintiff's argument is incongruous and wholly without merit.

Plaintiff failed to allege a chronology of events from which retaliation may plausibly be inferred. Considering the allegations in the complaint, as supplemented, it is abundantly clear that there are no facts the plaintiff could assert consistent with the facts alleged in his complaint to support a retaliation claim against Lt. Col. Turner.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Defendants' Rule 12(B)(6) Motion to Dismiss be granted, dismissing the plaintiff's complaint, and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert

consistent with the facts alleged in his complaint, as supplemented.

Baton Rouge, Louisiana, April 29, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE